# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES FOR THE USE AND**
**BENEFIT OF AAF - MCQUAY INC.,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-207-Orl-31KRS**

**RLI INSURANCE COMPANY and HM 2**
**CORPORATION,**

        **Defendants.**

_____

**HM2 CORPORATION**

        **Third Party Plaintiff,**

**vs.**

**THE UNITED STATES NATIONAL**
**AERONAUTICS AND SPACE**
**ADMINISTRATION (NASA),**

        **Third Party Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR FINAL JUDGMENT AFTER DEFAULT (Doc. No. 64)** |
| **FILED:** | **June 26, 0207** |

Plaintiff United States for the Use and Benefit of AAF-McQuay, Inc. sued Defendant/Third Party Plaintiff HM2 Corporation d/b/a HM2 Constructors & Fabricators (HM2) for alleged violations of the Miller Act, 40 U.S.C. §§ 3131 – 3134, and state law, related to a construction

project at the Kennedy Space Center.  Doc. No. 1.  On November 27, 2006, HM2 filed a Third Party Complaint for indemnification against the United States National Aeronautics and Space Administration (NASA), a federal agency.  Doc. No. 54.  The Third Party Complaint was served on NASA at the Office of General Counsel, on December 14, 2006.  Doc. No. 57.

On February 27, 2007, HM2 moved for the entry of default against NASA.  Doc. No. 59.  The following day, the Clerk of Court entered NASA's default.  Doc. No. 60.  HM2 now moves for the entry of default judgment against NASA.

Federal Rule of Civil Procedure 4(i) provides that service upon an agency of the United States must be effected by (1) delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought; (2) sending a copy of the summons and of the complaint by registered or certified mail to the United States Attorney General; and (3) sending a copy of the summons and complaint by registered or certified mail to the officer, agency, or corporation.

Here, the Affidavit of Service, doc. no. 57, indicates only that service was effected on NASA, not on the Attorney General or the United States Attorney for the Middle District of Florida.  As such, service of process has not been properly effected on NASA. Accordingly, it is **ORDERED** that the entry of default, doc. no. 60, is **VACATED**.  It is further **ORDERED** that the Motion for Final Judgment After Default, doc. no. 64, is **DENIED**.

It is **ORDERED** that, on or before July 31, 2007, HM2 shall either file proof of proper service on NASA or show cause in writing why the third-party complaint should not be dismissed for failure to prosecute it.

**DONE** and **ORDERED** in Orlando, Florida on July 9, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party